DANIEL G. REYNOLDS, as Director of Public Safety of the City of Miami, v. E. F. P. BRIGHAM, and R. A. HENDRICKS.

197 So. 840

Division A

Opinion Filed September 20, 1940

Rehearing Denied October 14, 1940

*J. W. Watson, Jr.,* and *Abe Aronovitz,* for Appellant; *E. F. P. Brigham* and *R. A. Hendricks,* for Appellees.

TERRELL, C. J.—The City Commission of the City of Miami directed the appellant to make an investigation of charges preferred against certain members of the police department. The public was excluded from the investigation. Counsel for the accused filed a petition in the circuit court for a rule to show cause why they should not be permitted to attend the investigation and represent them (the accused). On final hearing, the trial court entered an order

requiring appellant to admit counsel, the public, and the press to the investigation. This appeal is from that decree.

The question to be answered is whether or not the director of public safety of the City of Miami may deny an officer or employee of the city the benefit of counsel when making an investigation of charges preferred against him to determine whether such charges warrant suspension or removal as provided by Section 65 (a) of the city charter.

Section 65 (a) of the city charter is as follows:

"Any officer or employee in the classified service may be removed, suspended, laid off, or reduced in grade by the city manager, or by the head of the department in which he is employed, for any cause which will promote the efficiency of the service; but he must first be furnished with a written statement of the reasons therefor and be allowed a reasonable time for answering such reasons in writing, which answer, if he so requests, shall (so far as the same is relevant and pertinent) be made a part of the records of the Board; and he may be suspended from the date when such written statement of reason is furnished him. No trial or examination of witnesses shall be required in such case except in the discretion of the officer making the removal; in all cases provided for in this paragraph the action of the city manager or head of the department shall be final."

In State, *ex rel.* Bauder, v. Markle, 107 Fla. 742, 142 So. 822, we construed this provision of the city charter and what we said in that opinion is conclusive of the question raised in the instant case. It is quite true that the city charter gives the head of the department a strong hand in dealing with officers and employees of the city but it also affords them ample protection. Even if he were given absolute power that would be a question of policy vested exclusively in the Legislature.

The investigation complained of was for the purpose of determining whether or not the charges against certain members of the police force were well grounded or in the judgment of the director of public safety warranted removal, suspension, or reduction in grade as provided by the charter. The investigation was, in other words, one in the nature of a grand jury inquisition or one made by the Governor prior to suspending an officer under Section 15, Article IV, of the Constitution. It was, in other words, for fact-finding purposes and in no sense judicial. It may be that the charge investigated will be found to be without foundation and if so, no action will follow. If found sufficient to warrant suspension or removal, the accused must be furnished with a written statement of the reasons therefor before this is done and be allowed a reasonable time to answer them. If the answer raises material issues, the accused·is entitled to a trial at which time he may be aided by counsel.

The question of a trial and the right to examine witnesses is otherwise vested purely in the discretion of the officer making the removal and his action is final, subject to review by the courts to determine whether or not the jurisdictional facts exist as a predicate for the suspension or removal. These jurisdictional facts should be raised in the answer and the whole case adjudicated, this being the only judicial aspect to the proceedings.

It is not charged that appellant failed to pursue the course mapped for him in the city charter in making the investigation. So far as the record discloses, he followed that course to the letter and since ample opportunity is afforded the accused for the benefit of counsel to determine whether or not the jurisdictional·facts to support suspension or removal existed, we find no abuse of discretion in refusing it

when making the investigation. He is not entitled to two trials on the point.

It is next suggested that the chief of police rather than the director of public safety has jurisdiction of and may discipline the members of the police department in matters of this kind but an examination of Section 65 (a) in connection with Sections 24 and 25 of the city charter refutes this contention.

We therefore conclude that the question propounded must be answered in the affirmative so the judgment · below is reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.